UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BRIAN THOMAS BIVENS and CHANDRA MARY BIVENS <br>     Debtors | : CHAPTER 13 <br> : <br> : <br> : |
| JACK N. ZAHAROPOULOS <br> STANDING CHAPTER 13 TRUSTEE <br>     Movant | : <br> : <br> : <br> : |
| vs. | : <br> : |
| BRIAN THOMAS BIVENS and <br> CHANDRA MARY BIVENS <br>     Respondents | : <br> : <br> : CASE NO. 1-21-bk-01883 |

TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

    AND NOW, this   23rd   day of May, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

    1.  Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

    Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

        a. Additional home energy costs verification - Line 28.
        b. Additional food and clothing verification – Line 30.

    2.  Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.  More specifically, the debtor has excess non-exempt equity in the following:

        a. Residential real estate.  The Trustee has requested proof of the value of the debtors' home as stated in their schedules.
        b. Possible preferences and/or transfers to insiders.  The debtors' gross income in 2020 was $369,139.00.  The Trustee has requested a breakdown of how these funds were spent.

WHEREFORE, Trustee alleges and avers that debtors' plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

 a. Deny confirmation of debtor(s) plan.
 b. Dismiss or convert debtor(s) case.
 c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097


BY: /s/Douglas R. Roeder
Attorney for Trustee


CERTIFICATE OF SERVICE

AND NOW, this 23rd day of May, 2022, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

John Hyams, Esquire
2023 N. 2nd Street, Suite 203
Harrisburg, PA   17102


/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee